**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

---

| | | |
|---|---|---|
| BROAN-NUTONE, LLC, | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:11-cv-707-slc |
| | ) | |
| HAIER AMERICA TRADING, LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant and | ) | |
| Counterclaim Plaintiff | ) | |

---

## ANSWER AND COUNTERCLAIMS

---

Defendant Haier America Trading, LLC ("Haier")  responds to Broan-NuTone, LLC's ("Broan-NuTone") Complaint as follows:

### I.   PARTIES

1.      In response to the allegations of Paragraph 1, Haier is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and thus denies the same.

2.      In response to the allegations of Paragraph 2, Haier admits that it is a limited liability company organized and existing under the laws of the State of New York.  Haier further admits that its principal place of business is 1356 Broadway, New York, New York 10018.

## II.     JURISDICTION AND VENUE

3.     In response to the allegations of Paragraph 3, Haier admits that this is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* However, Haier denies that any such patent infringement has occurred.

4.     The allegations of Paragraph 4 are admitted.

5.     In response to the allegations of Paragraph 5, Haier admits that it has minimum contacts with the State of Wisconsin sufficient to establish personal jurisdiction.  Haier denies that it has committed the tort of patent infringement and/or has contributed to and/or induced acts of infringement by others within this State, this District, or elsewhere.

6.     The allegations of Paragraph 6 are admitted.

## III.     INFRINGEMENT OF UNITED STATES DESIGN PATENT NO.473,297 S

7.     In response to Paragraph 7, Haier realleges and incorporates by reference its responses to the allegations of Paragraphs 1 through 6.

8.     In response to the allegations of Paragraph 8, Haier admits that, on April 15, 2003, the United States Patent and Trademark Office (the "USPTO") issued U.S. Design Patent No. D473,297 S ("'297 Patent").  Haier further admits that a true and correct copy of the '297 Patent is attached to the Complaint as Exhibit A.  As for the remaining allegations of Paragraph 8, including whether there was a full and fair examination of the '297 Patent, Haier is without knowledge or information sufficient to form a belief as to the truth of these allegations and thus denies the same.

9.     In response to Paragraph 9, Haier admits that the '297 Patent was assigned to Broan-NuTone.  As for the remaining allegations of Paragraph 9, Haier is without knowledge or

information sufficient to form a belief as to the truth of these allegations and thus denies the same.

10.     The allegations of Paragraph 10 are admitted.

11.     The allegations of Paragraph 11 are denied.

12.     The allegations of Paragraph 12 are denied.

13.     The allegations of Paragraph 13 are denied.

14.     The allegations of Paragraph 14 are denied.

**IV.     INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D482,769 S**

15.     In response to Paragraph 15, Haier realleges and incorporates by reference its responses to the allegations of Paragraphs 1 through 14.

16.     In response to the allegations of Paragraph 16, Haier admits that, on November 25, 2003, the USPTO issued U.S. Design Patent No. D482,769 S ("'769 Patent").  Haier further admits that a true and correct copy of the '769 Patent is attached to the Complaint as Exhibit B. As for the remaining allegations of Paragraph 16, including whether there was a full and fair examination of the '769 Patent, Haier is without knowledge or information sufficient to form a belief as to the truth of these allegations and thus denies the same.

17.     In response to Paragraph 17, Haier admits that the '769 Patent was assigned to Broan-NuTone.  As for the remaining allegations of Paragraph 17, Haier is without knowledge or information sufficient to form a belief as to the truth of these allegations and thus denies the same.

18.     The allegations of Paragraph 18 are admitted.

19.     The allegations of Paragraph 19 are denied.

20.     The allegations of Paragraph 20 are denied.

21.     The allegations of Paragraph 21 are denied.

22.     The allegations of Paragraph 22 are denied.

## V.     INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D521,622 S

23.     In response to Paragraph 23, Haier realleges and incorporates by reference its responses to the allegations of Paragraphs 1 through 22.

24.     In response to the allegations of Paragraph 24, Haier admits that, on May 23, 2006, the USPTO issued U.S. Design Patent No. D521,622 S ("'622 Patent").  Haier further admits that a true and correct copy of the '622 Patent is attached to the Complaint as Exhibit C. As for the remaining allegations of Paragraph 16, including whether there was a full and fair examination of the '622 Patent, Haier is without knowledge or information sufficient to form a belief as to the truth of these allegations and thus denies the same.

25.     In response to Paragraph 25, Haier admits that the '622 Patent was assigned to Broan-NuTone.  As for the remaining allegations of Paragraph 25, Haier is without knowledge or information sufficient to form a belief as to the truth of these allegations and thus denies the same.

26.     The allegations of Paragraph 26 are admitted.

27.     The allegations of Paragraph 27 are denied.

28.     The allegations of Paragraph 28 are denied.

29.     The allegations of Paragraph 29 are denied.

30.     The allegations of Paragraph 30 are denied.

## VI.     AFFIRMATIVE DEFENSES

Subject to the responses above, Haier alleges and asserts the following defenses in response to the allegations set forth in the Complaint, undertaking the burden of proof only as to

those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the defenses and affirmative defenses described below, and subject to its responses above, Haier specifically reserves the right to allege additional affirmative defenses that become known through the course of the litigation.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Haier has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '297, '769, and/or '622 Patents.

### Third Affirmative Defense

The claims of the '297, '769, and '622 Patents are invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and 171

### Fourth Affirmative Defense

Broan-NuTone's claim for damages before filing this lawsuit are barred under 35 U.S.C. § 287 for failure to mark.

### VII.    PRAYER FOR RELIEF

**WHEREFORE**, Haier, having fully answered Broan-NuTone's Complaint, requests the following relief:

A.  That Broan-NuTone's Complaint be dismissed with prejudice;

B.  That this Court enter a judgment that the '297 Patent, the '769 Patent, and the '622 Patent are not infringed and are invalid;

C.  That all costs of this action, including reasonable attorney's fees, be assessed against Broan-NuTone;

D.  That Haier be awarded its attorney's fees pursuant to 35 U.S.C. § 285;

E.  That this Court award such other and further relief as it deems just and appropriate; and

F.  That Haier have a jury trial of all claims properly triable to a jury.

<u>**COUNTERCLAIMS AGAINST BROAN-NUTRONE**</u>

Haier asserts the following  Counterclaims against Broan-NuTone:

## I.    PARTIES AND JURISDICTION

1.    Haier is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.

2.    Broan-NuTone alleges that it is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 926 West State Street, Hartford, Wisconsin 53027.  Broan-NuTone is subject to the jurisdiction of this Court.

3.    This Court has subject matter jurisdiction over Haier's Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201.

4.    Venue of Haier's Counterclaim is proper pursuant to 28 U.S.C. § 1391(b) and (c).

## II.    ALLEGATIONS COMMON TO ALL COUNTS

5.    United States Patent Nos. D473,297 S ("'297 Patent), D482,769 S ("'769 Patent), and D521,622 S ("'622 Patent") were issued, albeit improperly, by the United States Patent and Trademark Office ("USPTO").  Broan-NuTone claims to be the owner of the '297, '769, and '622 Patents.

6.     Broan-NuTone has alleged that certain acts by Haier infringe the '297, '769, and/or '622 Patents.

7.     An actual controversy exists between Broan-NuTone and Haier regarding the validity and infringement of any valid and enforceable claim of the '297, '769, and/or '622 Patents.

## III.   COUNTERCLAIMS

### Count I – Declaratory Judgment of Non-Infringement

8.     Haier restates and incorporates herein by reference the allegations of Paragraphs 1 through 30 of its Answer and Affirmative Defenses herein and Paragraphs 1 through 7 of these Counterclaims as if fully set forth herein.

9.     Haier has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '297, '769, and/or '622 Patents.

10.    A judicial declaration is necessary and appropriate so that Haier may ascertain its rights regarding the '297, '769, and '622 Patents.

### Count II – Declaratory Judgment of Invalidity

11.    Haier restates and incorporates herein by reference the allegations of Paragraphs 1 through 30 of its Answer and Affirmative Defenses herein and Paragraphs 1 through 10 of these Counterclaims as if fully set forth herein.

12.    The '297, '769, and/or '622 Patents are invalid for failure to satisfy one or more of the conditions of patentability, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and 171.

13.    A judicial declaration is necessary and appropriate so that Haier may ascertain its rights regarding the '297, '769, and '622 Patents.

## IV.    RELIEF REQUESTED

WHEREFORE, Haier respectfully requests the following relief:

A.  A judgment in favor of Haier denying Broan-NuTone all relief requested in this action and dismissing Broan-NuTone's Complaint with prejudice;

B.  A judgment declaring that each claim of the '297, '769, and '622 Patents is invalid;

C.  A judgment declaring that Haier has not infringed and is not infringing any valid and enforceable claim of the '297, '769, and '622 Patents, and that Haier has not contributed to or induced and is not contributing to or inducing infringement of any valid and enforceable claim of the '297, '769, and '622 Patents.

D.  A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Haier its costs, expenses, and reasonable attorneys' fees.

E.  That the Court award Haier such other and further relief as the Court deems just and proper.

## V.    DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38, Haier demands a trial by jury on all issues so triable.

Respectfully submitted, this 28th day of November, 2011.

By: *s/ Jeffrey A. McIntyre*
Jeffrey A. McIntyre
WHYTE HIRSCHBOECK DUDEK S.C.
PO Box 1379
Madison, WI 53701
Tel. (608) 258-7390
Fax. (608) 258-7138
Email: jmcintyre@whdlaw.com
*Counsel for Defendant and Counterclaim*
*Plaintiff Haier America Trading, LLC*

<u>*Of Counsel*</u>

Douglas D. Salyers
Kevin He
TROUTMAN SANDERS LLP
Bank of America Plaza, Suite 5200
600 Peachtree Street, N.E.
Atlanta, Georgia 30308
Tel. (404) 885-3000
Fax. (404) 885-3900
Email: douglas.salyers@troutmansanders.com
        kevin.he@troutmansanders.com